U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

DEC 16 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

Bernard                          Civil Action No. 12-02121

versus                           Judge Richard T. Haik, Sr.

Home Furniture Company of        Magistrate Judge C. Michael Hill
Lafayette, Inc.

## MEMORANDUM RULING

Before the Court are defendant Home Furniture Company of Lafayette, Inc.'s Unopposed Motion For Summary Judgment [Rec. Doc. 17], against *pro se* plaintiff, Mandy Bernard. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). The failure to file an opposition and statement of contested material facts requires the Court to deem defendant's Statement of Uncontested Material Facts admitted for purposes of this motion. *L. R. 56.2W.*

### Background

Plaintiff, Mandy Bernard, an African-American female, was employed by Home Furniture as a full time credit clerk since 2008. During her employment, a management position over a clearance department because available and was filled by an employee who was participating in Home Furniture's management trainee program. Plaintiff never applied for the management position or for any management trainee position. Plaintiff's supervisor had no authority to refuse to allow her to apply for any position nor did he select the individual who filled the management position.

From April 2009 through July 16, 2009, plaintiff received four written and verbal reprimands related to her bad attitude and disrespectful behavior. In addition to receiving

a written warning on July 16, 2009, plaintiff was also placed on probation/suspension pending management review. The following day, Home Furniture's technology department determined that plaintiff had deleted four company files the day she was suspended–which she later denied. On July 20, 2009, plaintiff approached the Human Resources Manager alleging discrimination, retaliation, and defamation. Thereafter, Home Furniture conducted an investigation and determined there was no discrimination, retaliation or defamation against plaintiff. Based on plaintiff's unprofessional and poor attitude, her deletion of company computer files and her misrepresentation to management that she had not deleted them, Home Furniture discharged plaintiff.

Plaintiff filed this action on August 7, 2012, asserting causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* for racial and sexual discrimination, retaliation and defamation. R. 1.

*Summary Judgment Standard*

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

nonmoving party's claim. *Id.* The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

In an employment discrimination case, the Court must "focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff." *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 447–48 (5th Cir.1996). The Court "must draw all reasonable inferences in favor of the nonmoving party, and [the Court] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

*Analysis*

With regard to her race discrimination claim, plaintiff alleges that she was "encouraged to quit" her employment with Home Furniture following her graduation from college. Her allegations imply that this was because she is African American. With regard to her sex discrimination claim, plaintiff alleges that her supervisor "declined to allow" her to apply for a heavy duty position because she is female. As to her retaliation claim, plaintiff alleges she was disciplined and terminated because she complained of discrimination. With regard to her defamation claims, plaintiff alleges her supervisor made false statements against her relative to his documentation of her alleged insubordination.

With respect to plaintiff's claims of discrimination and retaliation, plaintiff must establish a *prima facie* case which includes that she suffered some adverse employment action by Home Furniture. An adverse employment action consists of "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir.2004). Plaintiff's allegation of racial discrimination is that she was told by

3

a supervisor, "most of ya'll leave after ya'll graduate." This statement does not constitute an adverse employment action. As to the alleged sexual discrimination by her supervisor, plaintiff fails to allege any adverse employment action related to her claim.

To establish a *prima facie* case of retaliation plaintiff must show that a causal link exists between the protected activity and the injury or the harm. *Septimus v. University of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). While plaintiff has alleged no such nexus, to the extent that she may argue the timing of her termination–timing alone is not enough to establish the necessary causal connection in a retaliation claim. *Beattie v. Madison County School District*, 254 F.3d 595, 605 (5th Cir. 2001) citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) (holding that a retaliation claim lacked merit where the employee mentioned his EEOC filing minutes before his termination for insubordination, but no other evidence suggested a retaliatory motive).

Moreover, as to all of plaintiff's Title VII claims, the evidence shows that Home Furniture had legitimate, non-discriminatory reasons for its decisions to discipline and terminate plaintiff. In order to survive summary judgment on these claims, plaintiff must also provide substantial evidence belying those reasons. Plaintiff has no such evidence.

With respect to plaintiff's defamation claims, she must show that any complained-of statements by Home Furniture were both false and were published with malice. The evidence shows that all statements made regarding plaintiff were true, and/or were made in good faith and without malice, actual or implied. There is no evidence to the contrary.

### Conclusion

Based on the foregoing, the Court will grant defendant's unopposed motion for summary judgment and dismiss plaintiff's claims in their entirety.